BOUTALL, Judge.
Lindsey Elkins was charged on July 7, 1982, in two separate bills of information with receiving stolen things, LSA-R.S. 14:69. One bill charged Elkins with receiving stolen jewelry valued at $550.00; the other charged her with receiving stolen jewelry and a jewelry box valued at $200.00. On January 31, 1985 defendant pled guilty to both charges and was later sentenced to three and one-half years at hard labor under the first bill and eighteen months at hard labor under the second bill. Both sentences were suspended and defendant was placed on probation, with seven specific conditions. She was granted an out of time appeal.
Appellant raises as her only assignment of error the specific condition of probation which requires her to make restitution to Lisa Eaton in the amount of $2,085.75 plus $250.00 in damages for the repair of her front door, and restitution to Christopher Kneehouse in the amount of $5,000.00. Specifically, appellant contends the amount of restitution is excessive as being beyond the amount involved in the crime to which she pleaded and as being the subject of another more serious crime, burglary, which she did not commit.
The only available facts are gleaned from the transcript of the plea colloquy:
The defendant apparently tried to sell a stolen ring at a pawn shop. The police were alerted, searched the defendant’s apartment, and recovered other stolen jewelry and a jewelry box. The jewelry was traced to two separate owners (Eaton and Kneehouse) whose homes had been burglarized. The defendant stated that she received the items from “somebody I know ... Debra Mills.”
The pertinent statutory law of the crime charged in effect at the time of the offenses, May 11, 1982, was LSA-R.S. 14:69, Receiving Stolen Things:
“Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.”
The pertinent La.C.Cr.P. probation articles (as in effect at the time of the offenses), provide:
895. Conditions of Probation
A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall: * * *
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
* * * * * *
895.1. Probation; restitution
A. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of *1266 money to be paid by the defendant to any or all of the following:
(1) To the victim in restitution to compensate for his loss and inconvenience or
(2) To the indigent defender program for that court.
⅛ * ⅜. * ⅜* *
In applying that law to the conditions of probation imposed in this case, we conclude that the trial judge committed no error. The probation provisions do not require that the trial judge be limited to imposing a precise amount of goods lost. Article 895 simply requires the specific conditions to be reasonably related to the rehabilitation of the defendant and sets out a nonexclusive list of conditions that may be imposed. Subsection A(7) goes beyond requiring precise restitution by providing for reasonable restitution for damage or loss in an amount to be determined by the court. Additionally, it provides for reparation. Reparation implies giving compensation to satisfy one who has suffered injury, loss, or wrong at the hands of another. Restitution means returning to the rightful owner what has been taken illegally from him or giving back something of equal worth. Thus, we conclude that the provisions of Article 895 give the judge broader authority than the restitution provisions of Article 895.1. Even so, we point out that Article also grants to the trial judge discretion and provides for restitution not only for loss but also for inconvenience.
Our courts have consistently held that the trial judge is granted wide discretion in the imposition of sentences and probation. As an example we refer to the case of State v. Griffon, 448 So.2d 1287 (La.1984), wherein the restitution ordered was considerably more than the amounts involved in the verdict of guilt. See also State v. Spell, 461 So.2d 654 (La.App. 1st Cir.1984) wherein a large sum in restitution was granted in order to cover the victim’s injuries, pain, suffering, and inconvenience as well as the pecuniary loss involved.
The other contention of the defendant is that the amounts involved herein are the amounts that were taken from the two victims in two burglaries, whereas the defendant is only guilty of possession of a portion of the stolen articles. We point out that there is a relationship between the offense to which the defendant pleaded and the losses suffered by the victims. The crime of burglary consists basically of not only the illegal entering of the premises, but also the theft that occurred therein, and it is the theft which caused the damage, loss and inconvenience. There is a direct relationship between the depriving of the victims of their legal possession of the articles stolen, and those articles, or a portion at least, coming into the illegal possession of the defendant. Although the record does not disclose the precise amount of illegal articles possessed, there is an indication that the defendant, in concert with, or at least with knowledge of, other companions’ activities, shared in the fruits of the theft. We adopt the rationale of our brothers of the Third Circuit in the case of State v. Metlin, 467 So.2d 876 (La.App. 3rd Cir.1985). Although the facts of implication in the totality of the stolen articles was much stronger in that case, nevertheless it points out that the restitution condition of the probation was reasonably related to the rehabilitation of the defendant, and we would apply that same rationale to our case. The basic loss suffered by the victims here is that they were deprived of their property by others and by the defendant who was apprehended because she attempted to sell some of the stolen jewelry. The defendant pleaded guilty and so there is no amount of evidence or testimony in the record such as would take place had trial been undertaken. However, the trial judge did have reference to a presentence investigation which contained some indications that the defendant was involved in the burglaries of the two victims and that the defendant indicated that everything contained in the report was accurate and correct.
We hold that under these circumstances, the trial judge was within his wide discretion in assessing the probational special conditions of restitution complained of. We note that as to one victim he assessed *1267 restitution of approximately half of the loss. As.to the other victim he assessed the total amount of the loss plus the damages occasioned by breaking in a door presumably by the burglars. We believe these conditions to be reasonably related to the rehabilitation of the defendant and within the wide discretion of the sentencing judge.
For the above reasons, the sentence is affirmed.
AFFIRMED.