BYRNES, Judge.
Defendant, Fernando Butler, was convicted of possession of cocaine with intent to distribute, a violation of R.S. 40:967. He was sentenced to 5 years at hard labor under a multiple bill. This appeal followed.
In July 1983, Officers Pedro Marina and Wallace Goodie received information from a confidential informant that the defendant was selling narcotics at the corner of Bayou Road and Claiborne Avenue in New Orleans. The informant accompanied the officers to the scene, where he identified the defendant. The officers set up a surveillance and observed seven transactions between the defendant and various individuals which were consistent with drug trafficking. When the officers approached the defendant, he dropped a potato chip bag. Inspection of this bag revealed 15 packets of a white powder, later identified as cocaine.
The defendant testified at trial that he was waiting for a friend when the officers picked up the potato chip bag and arrested him. He denied that the bag was his.
On appeal, the defendant asks this court to review the record of his conviction for errors patent. We have done so, and note that the minute entry does not reflect whether the defendant was present at arraignment or pleading, although the docket master indicates that he was. If he was not present, error occured. However, under C.Cr.P. Art. 921 only those errors which prejudice the substantial rights of the accused warrant reversal. State v. Charles, 450 So.2d 1287 (La.1984).
The record reveals that a plea of not guilty was entered in this case. There is no prejudice to the defendant in such a plea. State v. Watson, 423 So.2d 1130 (La.1982). Moreover, the defendant went to trial without objecting to his absence at arraignment and pleading. Under C.Cr.P. Art. 555 this error was waived by defendant’s failure to object to it before trial.
The minute entry also fails to reveal if the defendant was present at sentencing as required by C.Cr.P. Art. 835. However, the sentencing transcript leaves no doubt that the defendant was present. Thus, there was no error in this phase of sentencing.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.