484 So.2d 160 (1986)
STATE of Louisiana
v.
Emile BOUDREAUX.
No. 85-KH-500.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 1986.
*161 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for State.
Jack A. Quarles, Jr., Gretna, for relator/defendant.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
Defendant, Emile A. Boudreaux, appeals his conviction and sentence following a trial before a parish court judge on the charge of hit and run (LSA-R.S. 14:100). We affirm the conviction and sentence except for those portions of the sentence calling upon him (1) to serve five days in jail and (2) to pay $1,300.00 in restitution, which we annul and set aside.
On the evening of March 14, 1985, at approximately 8:00 p.m., Ms. Jo Ann Schoen was proceeding north on Terry Parkway, a main thoroughfare on the westbank of Jefferson Parish, when an automobile driven by the defendant pulled out of a gas station and struck Ms. Schoen's vehicle on the right front fender, pushing the automobile into the left curb, causing a blowout of her left front tire. Instead of stopping immediately, the Boudreaux vehicle proceeded a short distance up Terry Parkway to a U-turn where it negotiated the turn, headed back south and then turned into the parking lot of a fast food outlet across the street from the accident. Ms. Schoen, who had immediately stopped her car and put on its flashers, observed defendant's actions and proceeded on foot to the restaurant to confront Mr. Boudreaux.
The defendant denied hitting Ms. Schoen, claiming that he only had a blowout and, following a brief encounter, appellant left *162 the scene to obtain the services of a tow truck. Ms. Schoen, meanwhile, phoned the Jefferson Parish Sheriff's office to report the accident. The tow truck arrived before the police and Ms. Schoen informed the truck's operator that the Boudreaux vehicle had been involved in an accident and that, if the car was towed, the wrecker driver could become legally involved.
Subsequently, Deputy Burns of the Jefferson Parish Sheriff's office arrived, investigated the accident, and cited the defendant for hit and run (R.S. 14:100).
Appellant presents the following assignments of error for review:
1. It was reversible error for the trial court to find as a matter of law that the State had proven beyond a reasonable doubt that the defendant Emile Boudreaux had committed the crime of hit and run driving.
2. It was reversible error for the trial court to impose upon Emile Boudreaux a sentence of six months; that sentence being suspended upon the condition that Mr. Boudreaux serve five days in Parish Prison and pay restitution of $1,300.00.
R.S. 14:100, which defines the crime of which the defendant was convicted, states:
§ 100. Hit and run driving
Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity and to render reasonable aid.
To give his identity, for the purpose of this article, shall mean that the driver of any vehicle involved in any accident shall give his name, address and the license number of his vehicle, or shall report the accident to the police.
Whoever commits the crime of hit and run driving shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
As one can see from reading the preceding statute, the proscribed conduct must be "intentional." The statute does not qualify the word "intentional"; hence only general criminal intent is required of the perpetrator. See LSA-R.S. 14:11.
"General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." LSA R.S. 14:10(2).
Although Mr. Boudreaux denied knowing an accident had occurred, stating he thought he had a blowout, upon direct and cross-examination, he testified that he stopped his automobile when he heard the bang and looked at his tire. Ms. Schoen testified that the back left-hand side of the automobile she followed to the restaurant was all "squished" in and there was a flat on the left rear tire. If, as Boudreaux testified, he stopped and looked at his car, he should have seen the damage to the quarter-panel then.
Even if he missed seeing the damaged left quarter-panel at that point, when he was informed by Ms. Schoen that his automobile had been involved in an accident, he did not then provide the required information, rather he left to get a tow truck. When appellant returned to the restaurant parking lot, he had the tow truck operator hook up his car to the tow truck. Ms. Schoen testified that it was she who told the driver of the tow truck not to leave because the car had been involved in a hit and run accident. The record does not reflect that the defendant told the tow truck driver they couldn't leave until the police arrived so that he could provide the necessary information. Mr. Boudreaux did provide the required information to the police officer. However, he did not do so until after all of the events above occurred. Additionally, it is evident that even after Boudreaux was specifically informed his automobile was in an accident, he was more than willing to have the tow truck take his automobile from the site prior to the arrival of the police officers.
*163 These factors and others were certainly considered by the trial court judge in his unquestionable determination of guilt beyond a reasonable doubt:
THE COURT:
It's clear to this Court that defendant took this witness stand and lied. The Court feels beyond any doubt that he attempted to get away, he tried to hide behind a bush, he did everything in his power to get away from the consequences of the accident that he was involved in. The Court is completely, totally, absolutely beyond any doubt convinced of that.
It is not a function of an appeals court to evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt beyond the sufficiency evaluations under the Jackson standard of review. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Williams, 470 So.2d 356 (La.App. 5th Cir.1985). Whether or not guilt was established beyond a reasonable doubt is the appealable issue. In this case, we find the evidence fully supports the trial judge's adamant finding of guilt beyond a reasonable doubt.
ASSIGNMENT NUMBER 2
"It was reversible error for the trial court to impose upon Emile Boudreaux a sentence of six months; that sentence being suspended upon the condition that Mr. Boudreaux serve five days in Parish Prison and pay restitution of $1,300.00."
The defense contends that the sentence imposed upon appellant is excessive under La.Const. of 1974, Art. I, sec. 20 and therefore illegal. The pertinent part of R.S. 14:100 hit and run driving states that "[w]hoever commits the crime of hit and run driving shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Williams, 457 So.2d 902 (La.App.3rd Cir.1984). Although a sentence is within the limits established by statute, it may be held to be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, absent a sentence that shocks our sense of justice, the trial court judge is given great discretion in the imposing of sentences. State v. Lanclos, 419 So.2d 475 (La.1982).
The trial court judge did impose the maximum sentence, however, it was suspended subject to special conditions, i.e., he serve five (5) days in parish prison and an extra special condition of probation that he make restitution in full to the other party within 60 days. The record reflects that, even though the defendant sustained a flat tire in the collision and had a safe place (the U-turn lane) immediately available in which to stop his car, he drove away from the point of impact for a distance of at least one block. Further, the record discloses that he then attempted to have his vehicle towed from the point at which he stopped, before the police arrived, and after being confronted by the irate plaintiff who informed him he had struck her auto. Considering these facts, we do not find that the sentence shocks one's sense of justice so as to be deemed excessive albeit illegal.
The defense further contends that the sentence is excessive and results in a denial of due process in that the court ordered restitution of $1,300.00 without there being any finding that Mr. Boudreaux was at fault in the accident and without the dollar amount of $1,300.00 ever being substantiated and determined by the court to be the actual amount of restitution to be made. (Note: The court only said "to make full restitution to this lady within 60 days.")
LSA C.Cr.P. art. 895 states in pertinent part:
A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to *164 his rehabilitation, including any of the following:
That the defendant shall: [...]
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.
In a recent case decided by this court, State v. Elkins, 478 So.2d 1264, (La. App.5th Cir.1985), we affirmed a judgment ordering restitution as a condition of the probation. Elkins, the defendant, was found guilty of receiving stolen things valued at $750.00. As a condition of her probation, she was required to pay over $7,000.00 in restitution to the victims. She contended the amount of restitution was excessive as being beyond the amount involved in the crime to which she pleaded and as being the subject of another more serious crime, burglary, which she did not commit. The court held:
In applying that law to the conditions of probation imposed in this case, we conclude that the trial judge committed no error. The probation provisions do not require that the trial judge be limited to imposing a precise amount of goods lost. Article 895 simply requires the specific conditions to be reasonably related to the rehabilitation of the defendant and sets out a nonexclusive list of conditions that may be imposed. Subsection A(7) goes beyond requiring precise restitution by providing for reasonable restitution for damage or loss in an amount to be determined by the court. Additionally, it provides for reparation. Reparation implies giving compensation to satisfy one who has suffered injury, loss, or wrong at the hands of another. Restitution means returning to the rightful owner what has been taken illegally from him or giving back something of equal worth. Thus, we conclude that the provisions of Article 895 give the judge broader authority than the restitution provisions of Article 895.1.
Elkins, supra at p. 1266.
Since the provision which allows a judge to order the payment of restitution is found in the code of criminal procedure and can only be imposed after a conviction for some criminal conduct, it is clear that restitution is meant to rehabilitate and to deter future criminal conduct by requiring the perpetrator of some crime to compensate the victim of the crime. The restitution provision is not triggered by a "fault" determination as in civil law but rather by an adjudication of guilty. Accordingly, we find defendant's argument that the requirement that he pay restitution, without there first being a determination of fault, is without merit.
Finally, the defense argues that the damages to Ms. Schoen's vehicle were totally unsubstantiated at $1,300.00. The record discloses that no formal estimate of damage was introduced at trial.
Neither was any testimony elicited which would establish the plaintiff's damages. C.Cr.P. art. 895(7), supra, mandates "... reasonable ... restitution ... be determined by the court." In the instant case, the record contains no indication that the court went through the required procedure of determining a reasonable amount of restitution. Under these circumstances, we find ourselves with no other choice but to annul and set aside the amount of restitution awarded ($1,300.00) and to remand the case for the required determination.
Further, we note that, in sentencing the defendant, the court, after imposing a jail term of six months in the parish prison, suspended the entire sentence, then sought to have appellant serve five days as a "special condition of probation." We find the trial court without authority to make such a special condition of probation in this case. Defendant was convicted of violation of R.S. 14:100, hit and run, a misdemeanor. While, under LSA C.Cr.P. art. 899, a court "may suspend the imposition or the execution of the whole or any part of the sentence *165 imposed" after the defendant has been convicted of a misdemeanor, in this case the court suspended the whole sentence and placed the defendant on probation. That action placed the defendant under the provisions of LSA C.Cr.P. art. 895, Conditions of Probation. Section (B) of art. 895 (supra) limits the imposition of jail time as a condition of probation to felony cases. The Louisiana Supreme Court in State v. Wagner, 410 So.2d 1089 (La.1982), addressing such an action as we have here, stated:
Defendant contends that La.C.Cr.P. art. 895 only authorizes the court to impose imprisonment as a condition of probation in felony cases. The court is thus implicitly not authorized to do so in misdemeanor cases.
Support for defendant's argument can be found in the Official Revision Comments to La.C.Cr.P. art. 895. Therein it is noted that part (B) of Article 895, authorizing imprisonment as a condition of probation in felony cases, was added to the statute in direct response to a 1973 opinion by the Attorney General which stated that the courts were not authorized to impose imprisonment as a condition of probation in either felony or misdemeanor cases in the absence of amendment to La.C.Cr.P. art. 895 specifically allowing it. Thereafter, by Act. 211, § 1, of 1974, the Legislature did amend La.C. Cr.P. art. 895 to authorize the imposition of imprisonment as a condition of probation in felony cases only. [...]
Therefore, we find merit in defendant's argument that imposition of a prison term as a condition of probation in misdemeanor cases is not authorized by La.C.Cr.P. art. 895, and, thus, such a condition could not be added to his probation.
Therefore, for the reasons stated above, we affirm defendant's conviction and sentence except insofar as the sentence orders appellant Emile A. Boudreaux (1) to serve five days in parish prison as a condition of probation and (2) to pay $1,300.00 in restitution. Those conditions are annulled and set aside and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, ANNULLED AND SET ASIDE IN PART, AND REMANDED.