534 So.2d 483 (1988)
STATE of Louisiana
v.
Robert R. AGEE.
No. 88-KA-362.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*484 Bruce G. Whittaker, 24th Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., 24th Judicial Dist., Parish of Jefferson, State of La., Henry G. Sullivan, Jr., Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel, Office of the Dist. Atty.), Gretna, for appellee.
Before CHEHARDY, C.J., and WICKER and GOTHARD, JJ.
CHEHARDY, Chief Judge.
Defendant, Robert R. Agee, appeals his conviction of the crime of hit-and-run driving, a violation of LSA-R.S. 14:100, and his sentence of 90 days in the parish prison. We affirm.
On June 12, 1987, at approximately 5:30 p.m., Lovinia Boudreaux was driving on River Road in Marrero when an oncoming truck driven by defendant "fishtailed," swerved into her lane and struck her car. Mrs. Boudreaux was accompanied by her daughter, her son, and her sister. The defendant was alone in his vehicle.
The defendant exited his truck after it came to a stop in a ditch. He then approached Mrs. Boudreaux's vehicle and indicated that he would contact the police. He left the scene of the accident in a vehicle of a passing motorist without identifying himself. Shortly thereafter, the defendant reported the accident to a 911 emergency operator. The defendant also did not identify himself to the operator.
Deputy Wayne Kron, the investigating officer, arrived at the scene at approximately 5:30 p.m. He remained there until approximately 7 p.m. During that time Mrs. Boudreaux and her passengers were transported by ambulance to West Jefferson Hospital, where they were treated and released, and the vehicles involved in the accident were removed. The defendant had not returned when Deputy Kron left the scene of the accident.
The defendant testified as follows: He accepted a ride from a passerby in order to contact the police and obtain immediate medical attention for those who were injured. *485 The passerby dropped him off at a pipeyard approximately one mile from the accident. There he dialed 911 and reported the accident. He then "made a few more calls and * * * tried to get some business straightened out * * * [before walking] back to the scene." When he arrived at the scene, everyone and the vehicles were already gone. He then walked to Westwego as the pipeyard was closed. In Westwego he called his girl friend, who sometime later picked him up and took him to the Jefferson Parish Sheriff's Office in Gretna. The Jefferson Parish Sheriff's Office sent him to the Third District in Bridge City. There he was informed that there was no record of the accident and advised to return the following Monday.
On appeal, the defendant contends the evidence is insufficient to sustain the verdict of guilty. Specifically, he argues that his call to 911 constitutes reporting the accident to the police and identifying himself under the language of the statute. We reject this argument.
R.S. 14:100 provides:
"Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity and to render reasonable aid.
"To give his identity, for the purpose of this article, shall mean that the driver of any vehicle involved in any accident shall give his name, address and the license number of his vehicle, or shall report the accident to the police.
"Whoever commits the crime of hit and run driving shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."
Thus, to support a conviction of violation of R.S. 14:100, the State must prove that the defendant was the driver of a vehicle involved in or causing an accident and that the defendant intentionally failed to stop his vehicle at the scene of the accident, to give his identity and to render reasonable aid. Because the word "intentional" is not qualified within the statute, only general criminal intent is required of the defendant. State v. Boudreaux, 484 So.2d 160 (La.App. 5 Cir.1986). "General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." LSA-14:10(2).
It is undisputed that the defendant was driving the truck that struck Mrs. Boudreaux's vehicle. There was testimony by the defendant, Mrs. Boudreaux, her son, and the investigating officer indicating that the defendant left his vehicle in the ditch where it landed after striking Mrs. Boudreaux's vehicle. Accordingly, the defendant did not fail to stop his truck at the scene of the accident. The State produced the testimony of the investigating officer to show that an unnamed caller had informed the police of the accident shortly after its occurrence. The defendant left the scene of the accident to make a phone call to the police. In this call, the defendant informed the police that there had been an accident and where the accident was located but failed to tell them his name or that he was involved in the accident. At issue is whether defendant's anonymous phone call is sufficient to meet the requirement that the defendant give his identity.
The courts should construe a statute so as to accomplish the purpose for which it was enacted and to give effect to the legislative will. State in the Interest of Bruno, 388 So.2d 784 (La.1980). The most effectual way of discovering the true meaning of a law is by considering the reason and spirit of it, or the cause which induced the legislature to enact it. LSA-C.C. arts. 16, 18; Keelen v. State, Dept. of Culture, Recreation, 463 So.2d 1287 (La.1985), concurring opinion 482 So.2d 618 (La.1986).
An interpretation of the language "report the accident to the police" to mean simply notifying the police without giving one's identity, as suggested by the defendant, would allow an individual involved in an accident to leave the scene without providing any information about himself. *486 Such would allow an individual to choose to discuss the accident and file a police report when it was convenient to him, thereby giving him the opportunity to allow evidence to escape the authorities. We find that this is not the intent of the legislation. We find the language of the statute mandates that the driver of a vehicle involved in an accident provide his identity when reporting an accident to the police.
Review of the record reflects that the defendant was not given credit for time served prior to imposition of the sentence, contrary to the mandate of LSA-C.Cr.P. art. 880. In this case, neither party sought review of the sentence as to its legality. The conviction and sentence were appealed on other grounds.
The scope of appellate review is restricted to LSA-C.Cr.P. art. 920, which provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
In that an illegal sentence is an error discoverable by a mere inspection of the proceedings without inspection of the evidence, C.Cr.P. art. 920(2) authorizes consideration of such on appeal. Pursuant to LSA-C.Cr.P. art. 882, an appellate court is authorized to correct an illegal sentence when such does not involve the exercise of sentencing discretion. State v. Fraser, 484 So.2d 122 (La.1986).
Therefore, pursuant to C.Cr.P. art. 882 we correct the sentence to allow the defendant credit for time served. State v. Issac, 527 So.2d 1045 (La.App. 5 Cir.1988).
Defendant also alleged that his sentence was excessive. The issue was not addressed in the defendant's appeal brief and is, therefore, deemed abandoned.
For the foregoing reasons, we affirm the conviction and amend the sentence to provide for credit for time served and, as amended, affirm the sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.