571 So.2d 758 (1990)
STATE of Louisiana, Appellee,
v.
Ralph Wayne ALLEN, Appellant.
No. 22147-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*759 Steven R. Thomas, Public Defender, Mansfield, for appellant.
William J. Guste, Jr., Don M. Burkett, Dist. Attys., Mansfield, for appellee.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
PER CURIAM.
The defendant, Ralph Wayne Allen, was charged by bill of information with (1) attempted first degree murder, (2) armed robbery, (3) aggravated burglary and (4) attempted aggravated rape. Allen withdrew his original pleas of not guilty and pled guilty to (1) attempted second degree murder, La.R.S. 14:27 and 30.1 and (2) armed robbery, La.R.S. 14:64. His plea to attempted second degree murder was without an admission of guilt, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The state dismissed the other charges. After reviewing a presentence investigation report ("PSI"), the district court sentenced Allen on the attempted second degree murder charge to 25 years at hard labor and on the armed robbery charge to 25 years at hard labor without benefit of parole, probation or suspension of sentence. The court ordered the sentences to run concurrently. Allen now appeals, urging that the sentences are excessive; by pro se assignments and brief he further urges that his guilty pleas were not knowingly and voluntarily given, and that they violated double jeopardy. For the reasons expressed, we affirm the convictions. Because of errors patent, however, we will make minor amendments to the sentences and affirm them as amended.
On May 13, 1989 the DeSoto Parish Sheriff's Office received a call from the victim, a lady who lived on Route 3, Mansfield. Officers arrived at the scene to find the victim severely beaten and semi-conscious. En route to the hospital she stated that a black male, slender in build and medium in height, had broken into her house. Officers at the scene discovered that a large door to the victim's beauty parlor had been kicked in. In the victim's bedroom they found a large amount of blood on the bedspread and elsewhere; bloody boot prints led from the bedroom to a bathroom and then outside to where the victim usually parked her car. There were bloody handprints on the open driveway gates. Assuming *760 the assailant had driven off in the victim's car, the Sheriff's Office put out an APB for the car. Later, the Bossier City Police reported that someone named Ralph Allen had admitted to a gas station attendant that he did a "terrible thing" to a woman in Mansfield. (At the Boykin hearing Allen stated that he called the police himself.) After he was taken into custody, advised of his rights and returned to DeSoto Parish, Allen gave a videotaped statement to Deputy Morris. In it he admitted he broke into the house trying to obtain money; he hit the victim in the head with a glass ashtray; he stole her purse, money and car keys, and drove off in her car. Allen related a somewhat different version to Drs. Grindle and Ware, who prepared sanity commission reports; he told them he hit the victim in the face and head several times with a ball peen hammer. The PSI also states that a broken glass container and a broken hatchet were found at the scene; the bill of information lists a hatchet as the dangerous weapon used in the armed robbery.
The victim had known Allen all her life; they lived next door to each other. She later identified him as her assailant. Allen stated that he had deep remorse for his conduct and blamed it on crack cocaine.
The test of excessiveness is two tiered. First the record must show the sentencing court took cognizance of the mandatory sentencing guidelines of La.C. Cr.P. art. 894.1. The court is not required to list every aggravating and mitigating factor as long as the record shows he adequately considered them. State v. Smith, 433 So.2d 688 (La.1983). The goal of art. 894.1 is not a rote recital of factors but the enunciation of a factual basis for sentence; an adequate basis will obviate the need for remand even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.), writ denied 521 So.2d 1143 (1988).
The sentencing court did not restate the facts of the case but referred to the Boykin hearing and the PSI, both of which described the offense. The court then thoughtfully analyzed the aggravating and mitigating factors of art. 894.1 B. R.pp. 87-90. We will not reiterate them here but would note the court attached importance to the numerous character letters it had received on Allen's behalf and to Allen's apparent remorse for the incident. These could not overcome the seriousness of the offenses and the continued emotional distress the victim has sustained. The court adequately complied with the sentencing guidelines.
The second tier is constitutional excessiveness. A sentence violates La. Const. art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). As long as it stays within statutory bounds, the court has wide discretion in imposing sentence. Only a manifest abuse of discretion is grounds for reversal. State v. Lanclos, supra; State v. Hudgins, supra.
On the charge of attempted second degree murder Allen faced up to 50 years at hard labor; on the charge of armed robbery he faced from five to 99 years at hard labor without benefit. The sentence imposed for attempted second degree murder is precisely midrange and the one for armed robbery is lower range. Because they are to run concurrently, these sentences are about one-sixth of Allen's total exposure. There was, moreover, substantial benefit from the dismissal of the charges of aggravated burglary (from one to 30 years at hard labor) and attempted aggravated rape (up to 50 years at hard labor). In light of this benefit, the seriousness of Allen's conduct and the other *761 factors considered by the sentencing judge, this sentence is not disproportionate. These assignments do not present reversible error.
By his first pro se assignments Allen urges that his guilty pleas were "unlawfully induced" and not knowingly and voluntarily entered because the court was taking six guilty pleas in one hearing. Needless to say, guilty pleas must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In particular Allen cites our recent case, State v. Potts, 554 So.2d 117 (La. App.2d Cir.1989). In Potts, the defendant filed a timely motion to withdraw his guilty plea and the trial court conducted a hearing as to the knowing and voluntary nature of the plea. The hearing provided the evidentiary basis for this court's decision. In the instant record, by contrast, there is no evidentiary basis to support Allen's argument. In fact, this record would suggest that Allen fully understood his rights and the consequences of his plea; despite the alleged confusion at the Boykin hearing, the court questioned each defendant separately and Allen answered all questions cogently. R.pp. 52-53, 66-67, 80. This argument does not present reversible error.
By his third pro se assignment Allen urges that his guilty pleas and sentences constitute double jeopardy. U.S. Const. amend. 5; La. Const. art. 1 § 15. Allen argues that he pled guilty to attempted second degree felony murder; a conviction for both attempted felony murder and the underlying felony is improper. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990). There is, however, no such crime as attempted second degree felony murder. State v. Ball, 554 So.2d 114 (La. App. 2d Cir.1989), and citations therein. Attempted second degree murder requires the specific intent to kill, State v. Butler, 322 So.2d 189 (La.1975), and this is inconsistent with the felony murder theory of R.S. 14:30.1A(2). Thus the crime of attempted second degree murder cannot be based on an "underlying felony," and Allen's double jeopardy argument lacks merit. We further note that Allen's plea of attempted second degree murder was responsive to the original charge of attempted first degree murder; both require the specific intent to kill. La.R.S. 14:30, 30.1; State v. Butler, supra. Because Allen entered an Alford plea, the state was not called on to enunciate its theory of the offense. On the record as a whole we cannot say that the plea was factually unfounded.
By his final pro se assignment Allen asks this court to review the record for errors patent. There are two minor errors that do not involve sentencing discretion and will be corrected pursuant to La.C. Cr.P. art. 882. State v. Fraser, 484 So.2d 122 (La.1986). First, the court erred in not ordering credit for time served, as required by La.C.Cr.P. art. 880. The sentence and minutes will be amended to reflect this credit. State v. Agee, 534 So.2d 483 (La. App. 5th Cir.1988), writ denied 540 So.2d 326 (La.1989); State v. Dassau, 534 So.2d 467 (La.App. 5th Cir.1988). Second, the court minutes for Allen's sentencing recite that the 25 years at hard labor for attempted second degree murder are to be served without benefit of parole, probation or suspension of sentence. The law does not permit the denial of benefit for this offense. La.R.S. 14:27 D(1). The transcript, however, shows that the judge did not deny benefit on this sentence, R.p. 91, and in cases of discrepancy the transcript prevails. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Butler, 480 So.2d 419 (La.App. 4th Cir.1985). The parties' briefs further belie any misunderstanding about the true sentence but we will nevertheless order an amendment of the minute entry that bears on this sentence only, for the sake of completeness. The denial of benefit on the armed robbery sentence is legal and will not be disturbed.
The other items asserted as errors patent lack merit. The convictions are therefore affirmed.
The sentences are amended as follows: both sentences are amended to reflect credit for time served; the court minutes are *762 amended to reflect the same credit and to delete the denial of benefit of parole, probation or suspension of sentence as to the conviction for attempted second degree murder only. As amended, the sentences are affirmed.
CONVICTIONS AFFIRMED; SENTENCES AMENDED AND AFFIRMED.