643 So.2d 463 (1994)
STATE of Louisiana
v.
Alvin CLARK.
No. CR93-1470.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*464 Richard W. Vidrine, Ville Platte, for State.
Laurie A. White, New Orleans, for Alvin Clark.
Before YELVERTON and COOKS, JJ., and BERTRAND[*], J. Pro Tem.
COOKS, Judge.
Defendant, Alvin Clark, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. Clark subsequently entered a plea of not *465 guilty and not guilty by reason of insanity. A sanity commission determined Clark was competent to assist in his defense at trial and he was sane at the time of the offense. On the morning of trial, Clark withdrew his plea of not guilty and not guilty by reason of insanity and entered a plea of not guilty. After a jury trial, Clark was found guilty of second degree murder. He was sentenced to life imprisonment, without benefit of probation, parole, or suspension of sentence and ordered to pay $2,000 in restitution. Clark appeals his conviction and the requirement that he pay restitution.

FACTS
Clark developed a relationship with Ms. Leary Joseph, the victim, while he was serving an eighteen month parish jail sentence. A few days after Clark was released from prison, he received several social security checks totalling approximately $1,600. Shortly thereafter, Leary and Clark went to a motel and had sex. Afterwards, Clark fell asleep, and Leary took his money and left. When Clark demanded his money, Leary told him she had given the money to her boyfriend. After this conversation, Leary changed her telephone number and did not give Clark her new listing.
Approximately two weeks later, Clark told his niece and a local police officer he was going to shoot someone. Clark and Roland Richard went to a pawn shop; and, Richard purchased a pistol in his name for Clark. On the same day, Clark went to Leary's home and shot her through a window. Leary died the following day.

DISCUSSION

Assignment of Error No. 1
By this assignment of error, Clark contends the trial court acted improperly by appointing a parish official, the Evangeline Parish Coroner, to act as a member of the sanity commission. However, Clark did not brief this assignment of error. Assignments of error that are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4.

Assignment of Error No. 2
Clark argues the sanity commission failed to determine his mental capacity at the time he murdered Leary. However, Clark withdrew his plea of not guilty by reason of insanity and entered a plea of not guilty. In any event, the sanity commission's report clearly states that Clark was not insane when he shot Leary. The commission also concluded Clark was sane and capable of proceeding to trial. This assignment of error lacks merit.

Assignment of Error No. 3
Clark further argues he received ineffective assistance of counsel. He specifies ten errors by his counsel, which he claims prejudiced him and undermined the reliability of the jury verdict.
Ineffective assistance of counsel is more properly raised in a motion for post conviction relief rather than by direct appeal. State v. O'Neal, 501 So.2d 920 (La.App.2d Cir.1987), writ denied, 505 So.2d 1139 (La. 1987). This rule allows a full evidentiary hearing on the allegations of ineffective assistance. State v. Barnes, 365 So.2d 1282 (La. 1978). However, if the record fully discloses the evidence necessary to decide the issue, it may be considered on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982). The appeal record is insufficient to review Clark's claims concerning the adequacies of his counsel. Therefore, these claims should be raised by an application for post conviction relief.

Assignment of Error No. 4
By this assignment of error, Clark asserts the evidence is insufficient to support his conviction for second degree murder.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 *466 (La.App.2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983).
In order to convict Clark of second degree murder, the state was required to prove the elements of LSA-R.S. 14:30.1(A)(1), which provides that second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. Clark argues the state failed to prove the element of specific intent.
Specific intent is a state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act. LSA-R.S. 14:10(1); State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990). Specific criminal intent may be inferred from the circumstances present in the case and the actions of the defendant. State v. Broussard, 560 So.2d 694 (La.App.3d Cir.1990), writ denied, 566 So.2d 981 (La.1990). Aiming a firearm directly at a victim is indicative of intent to kill or inflict great bodily harm. State v. Maxey, 527 So.2d 551 (La.App.3d Cir.1988), writ denied, 541 So.2d 868 (La. 1989).
The evidence, when viewed in a light most favorable to the prosecution, shows Clark announced to his niece and a local police officer that he intended to shoot someone. He armed himself with deadly weapon and went to Leary's home. He observed Leary through a window in her home and shot her. A rational trier of fact could find that the prosecution proved beyond a reasonable doubt that Clark had the specific intent to kill Leary.
Clark further contends that a verdict of manslaughter should have been entered because the evidence shows he was provoked into shooting the victim.
LSA-R.S. 14:31(A)(1) defines the crime of manslaughter as:
A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed.
"Sudden passion" or "heat of blood" immediately caused by provocation sufficient to deprive a person of his self-control and cool reflection are not elements of the manslaughter offense. They are mitigatory facts in the nature of a defense that exhibit a degree of culpability less than that present when homicide is committed without them. State v. Lombard, 486 So.2d 106 (La.1986); State v. Ruff, 504 So.2d 72 (La.App.2d Cir. 1987), writ denied, 508 So.2d 64 (La.1987). Therefore, a defendant who establishes by a preponderance of the evidence he acted in a "sudden passion" or "heat of blood" is entitled to a manslaughter verdict. Where such proof is sufficient, a second degree murder verdict is inappropriate. State v. Lombard, supra; State v. Ruff, supra.
Clark claims he was not provoked when the victim took his money; but, the provocation occurred when he tried to recover his money. He asserts Leary humiliated and frustrated him. However, Clark testified he decided to shoot Leary "the same day she took my money." Approximately two weeks after the theft, he informed two people that he intended to shoot someone. Clark later obtained a pistol, waited outside Leary's home and shot her. Therefore, the jury could have reasonably concluded Clark did *467 not act out of sudden passion or heat of blood considering his statement that he decided to kill Leary two weeks before committing the act; he announced his intent to two people; and he obtained a pistol from a pawn shop. This assignment of error is without merit.

Assignment of Error No. 5
Clark contends the trial court erred in ordering him to pay restitution to the Crime Victim's Reparation Fund. Although this assignment was not briefed, we recognize it as error patent.
The trial court ordered Clark to pay restitution of $2,000 to the Crime Victim's Reparation Fund. A trial court may not order a defendant to pay restitution to a victim unless the imposition or execution of sentence is suspended. See LSA-C.Cr.P. 895 & 895.1; State v. Matthews, 572 So.2d 250 (La.App. 1st Cir.1990), writ denied, 575 So.2d 387 (La.1991). Clark was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Therefore, the trial court could not impose restitution. This portion of his sentence is vacated.
We also note Clark was not given credit for time served when sentenced. When imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. art. 880. Failure to do so is also error patent. State v. Allen, 571 So.2d 758 (La.App.2d Cir.1990). The sentence should be amended to reflect credit for the time served. State v. Hughes, 587 So.2d 31 (La. App.2d Cir.1991), writ denied, 590 So.2d 1197 (La.1992).

CONCLUSION
Accordingly, for the reasons assigned above, Clark's conviction is affirmed, and that part of his sentence that orders payment of restitution is vacated and the case is remanded to the trial court for issuance of an order granting defendant credit for time served as herein instructed.
AFFIRMED AS AMENDED WITH INSTRUCTION.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired Judge, participated in this opinion by appointment of the Louisiana Supreme Court as Judge Pro Tempore.