940 So.2d 686 (2006)
STATE of Louisiana, Appellee
v.
Sam Larry SMITH, Appellant.
No. 41,263-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
Louisiana Appellate Project by Paula Corley Marx, Lafayette, for Appellant.
Paul Joseph Carmouche, District Attorney, J. Dhu Thompson, Ron Christopher Stamps, Assistant District Attorneys, for Appellee.
*687 Before BROWN, STEWART and DREW, JJ.
DREW, J.
The defendant, Sam Larry Smith, pled guilty as charged to aggravated second degree battery upon the state's agreement not to file an habitual offender bill of information. The court imposed a sentence of seven years at hard labor and denied a timely motion for reconsideration. Smith now argues the sentence is excessive and that the trial court failed to consider the factors listed under La. C. Cr. P. art. 894.1. We affirm the conviction and sentence.
Smith and Edric Hills argued outside the Variety Club on Hollywood Avenue in Shreveport. Smith pulled a gun from the console of his vehicle and shot Hills in the face. Hills identified Smith as the shooter. Smith confessed and pled guilty.
Our law on excessive sentences is clear.[1]
Here, the state argued before the court that the seriousness of the offense and the injury suffered by the victim as a result of the crime necessitated a sentence of 10 to 15 years. The defendant argued that Smith was acting out of character and was under the influence of alcohol when he committed the crime, and noted his age and prior criminal history of less serious offenses, including DWI and traffic violations. The trial court considered the arguments and stated that the sentencing guidelines of La. C. Cr. P. art. 894.1 were reviewed before imposing sentence.
The trial court reviewed the PSI report and letters submitted by both the state and defense, including letters written by Smith and the victim. The court noted Smith's extensive criminal history dating back to 1975, then sentenced Smith to seven years at hard labor, further ordering him to pay $4,000 restitution to the Crime Victims Reparations Board. This seven-year sentence is clearly not shocking.[2]

DECREE
Both the conviction and sentence are AFFIRMED.
STEWART, J., concurs with written reasons.
STEWART, J., concurring.
I agree that the sentence is not excessive; however, the order of restitution is error patent.
*688 A trial court may not order a defendant to pay restitution to a victim unless the imposition or execution of sentence is suspended. See La. C. Cr. P. arts. 895 & 895.1; State v. Clark, 93-1470 (La.App. 3d Cir.10/5/94), 643 So.2d 463, writ denied, 94-2715 (La.2/9/95), 649 So.2d 418; State v. Matthews, 572 So.2d 250 (La.App. 1st Cir.1990), writ denied, 575 So.2d 387 (La. 1991). The defendant was sentenced to serve seven years imprisonment. The sentence was neither suspended nor probated. Therefore, the trial court could not impose restitution. This portion of his sentence should be vacated.
NOTES
[1] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.

Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
[2] But shooting someone in the head over virtually nothing is, in truth and fact, extremely shocking. It is sheer blind luck that this prosecution was not for murder.